UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CITICORP VENDOR FINANCE, INC. | CIVIL ACTION NO. 06-1205 |
| versus | JUDGE HICKS |
| SMILE-BRITE FAMILY DENTAL, LLC | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Citicorp commenced this action in a New Jersey state court to collect alleged debts exceeding $250,000 owed by Smile-Brite Family Dental, L.L.C. and personally guaranteed by Dr. Cynthia Ramkelawan. The action was removed to the federal district court in New Jersey, and venue was transferred to this court.

Both defendants, represented by attorney David Szwak, filed an answer. Doc. 19. The following month, Szwak filed a motion to withdraw as counsel for both defendants. Doc. 23. The motion to withdraw was granted, and Defendants were permitted time to secure new counsel. The court noted that Dr. Ramkelawan could represent herself if she chose to do so, but the L.L.C. must be represented by counsel. Accordingly, the L.L.C. was advised that if it failed to enroll new counsel by October 31, 2006, its answer could be stricken and a default entered against it. Doc. 24. The L.L.C. has not enrolled counsel as of this date, several months after the deadline.

The court also directed that Dr. Ramkelawan, by January 19, 2007, either enroll new counsel or file a written statement that she desires to represent herself in this matter. The order warned that if Dr. Ramkelawan "does not take one of those steps by the deadline, the

undersigned will recommend that her answer be stricken and that a default be entered against her." Doc. 29. Dr. Ramkelawan's deadline has passed, and she has filed nothing.

Neither defendant has, despite court orders, filed anything or communicated with the court since counsel withdrew in September of 2006. The court is justified, under these circumstances, in exercising its discretion to strike Defendants' answer and direct the entry of defaults against them. The court has an interest in the expeditious resolution of litigation and management of its docket, and Defendants have been wholly unresponsive to two simple and direct court orders, which reflects their unwillingness to cooperate in the scheduling of the litigation. There is no reason to believe that a less drastic sanction would result in their cooperation.

Accordingly;

**IT IS RECOMMENDED** that the Answer (Doc. 19) filed by Smile-Brite Family Dental, L.L.C. and Cynthia M. Ramkelawan be stricken and that the Clerk be directed to enter a default against both defendants. Plaintiff should be allowed 30 days thereafter to file a properly supported motion for default judgment.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 25th day of January, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE